14 OCT -8 PM 3: 15

U.S. DISTRICT COURT
S. DISTRICT OF CALIFORNIA

DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| UNITED STATES OF AMERICA, | Case No. **'14 CR 2936 BEN** |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | Title 18, U.S.C., Sec. 1956(h) – Money Laundering Conspiracy; Title 18, U.S.C., Sec. 371 – Conspiracy; Title 18, U.S.C., Sec. 1960(a) – Operation of Unlicensed MTB; Title 18, U.S.C., Sec. 1956(a)(2)(A) – Money Laundering; Title 31, U.S.C., Sec. 5324(a)(2) – Cause or Attempt to Cause Domestic Financial Institution to File a Report Under Section 5313(a) that Contains a Material Omission or Misstatement of Fact; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 18, U.S.C., Secs. 981(a)(1)(C) and 982(a), Title 31, U.S.C., Sec. 5317(c), and Title 28, U.S.C., 2461(c) – Criminal Forfeiture |
| RICHARD MEDINA, JR. (1), OMAR TREVINO CARO DEL CASTILLO (2), | |
| Defendants. | |

The grand jury charges:

**INTRODUCTORY ALLEGATIONS**

At all times material to this Indictment:

1. Defendant RICHARD MEDINA, JR. was a citizen of the United States of America, residing in the County of San Diego, California.

DCS:nlv:(1)San Diego
10/8/14

2. Defendant RICHARD MEDINA, JR. was an attorney, licensed by the State of California, with law offices located within the Southern District of California.

3. Defendant OMAR TREVINO CARO DEL CASTILLO was a citizen of the United States of America, residing in the County of San Diego, California.

4. Defendant            was a citizen of the United States of America, residing in the County of San Diego, California.

5. Defendant            was a citizen of the Republic of Mexico.

6. Defendant RICHARD MEDINA, JR., individually and through his law practice, maintained several "IOLTA" bank accounts at domestic financial institutions, including Bank of America, N.A. account ending in 7814, JP Morgan Chase Bank, N.A. account ending in 9418, Wells Fargo Bank, N.A. account ending in 5919, Citibank, N.A. account ending in 1250 (collectively referred to as the "IOLTA Accounts").

7. An "IOLTA" account is an interest on lawyer's trust account, which allows a lawyer to deposit a client's funds into a separate, interest-bearing trust account, for the benefit of charities.

8. Defendant            recruited customers throughout Mexico, the United States of America, and elsewhere, who required financial assistance transmitting their currency from the United States to financial institutions located in foreign countries.

9. Defendant OMAR TREVINO CARO DEL CASTILLO, and            utilized bank accounts at domestic financial institutions that were opened and maintained by defendant RICHARD MEDINA, JR., including the IOLTA Accounts, for receipt of the

1  currency in the United States of America, and to transmit electronic
2  funds further on to international destinations.
3      10.  Defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL
4  CASTILLO, and                              coordinated with defendant
5                    , and others known and unknown to the grand jury, to
6  travel to cities and destinations throughout the United States of
7  America to provide the following services:
8       a.  receive large sums of currency from third-parties who
9           desired to transmit their currency to separate third
10          parties;
11      b.  transport the currency from the third parties to
12          domestic financial institutions;
13      c.  deposit the currency into the IOLTA Accounts; and
14      d.  advise the other defendants when the currency had been
15          deposited into the IOLTA Accounts.
16     11.  As persons conducting, controlling, managing, supervising,
17 directing, and owning all or part of a money transmitting business,
18 defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO,
19                                                   were required to
20 comply with the money transmitting business registration requirements
21 under Title 31, United States Code, Section 5330, or regulations
22 prescribed under such Section.
23     12.  As persons conducting, controlling, managing, supervising,
24 directing, and owning all or part of a money transmitting business,
25 defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO,
26                                                   were required to
27 file reports under Title 31, United States Code, Section 5313.
28 //

13.    Title 31, United States Code, Section 5313, and regulations prescribed thereunder, required that a financial institution, including a money transmitting business, which engaged in a currency transaction involving more than $10,000 in United States currency, must file a report of the transaction with the United States Department of the Treasury. Such a report was called a "Currency Transaction Report" - or a "CTR".

14.    Federal law and regulations also made it an offense to cause or attempt to cause a domestic financial institution to file a CTR that contained a material omission or misstatement of fact.

15.    Bank of America, N.A., JP Morgan Chase Bank, N.A., Citibank, N.A., Wells Fargo Bank, N.A., and the money transmitting business operated by defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO, were all domestic financial institutions under federal law and regulations.

16.    At the times, locations, for the amounts, and into the accounts listed below in Schedule A, defendant accepted, transported, and conducted the following cash deposits at domestic financial institutions into the IOLTA Accounts controlled by defendant RICHARD MEDINA, JR.:

SCHEDULE A

| Transaction Date | Amount | Account Ending in #s | Bank | Locations |
|---|---|---|---|---|
| 3/1/2013 | $298,690.00 | 7814 | Bank of America | 135 S Lasalle Street Chicago, IL |
| 3/8/2013 | $297,870.00 | 7814 | Bank of America | 135 S Lasalle Street Chicago, IL |
| 3/25/2013 | $300,000.00 | 7814 | Bank of America | 135 S Lasalle Street Chicago, IL |

4

| Transaction Date | Amount | Account Ending in #s | Bank | Locations |
|---|---|---|---|---|
| 4/11/2013 | $295,305.00 | 7814 | Bank of America | 3414 Peachtree RD NE Atlanta, GA |
| 5/2/2013 | $194,401.00 | 7814 | Bank of America | 277 North Ave. New Rochelle, NY |
| 5/13/2013 | $299,335.00 | 7814 | Bank of America | 2 South Michigan Ave Chicago, IL |
| 5/14/2013 | $199,740.00 | 7814 | Bank of America | 277 North Ave. New Rochelle, NY |
| 5/30/2013 | $100,000.00 | 7814 | Bank of America | 2405 Freedom Drive Charlotte NC |
| 5/30/2013 | $94,000.00 | 9418 | JP Morgan Chase | 4000 Morse Crossing Columbus, OH |
| 5/31/2013 | $130,000.00 | 9418 | JP Morgan Chase | 4000 Morse Crossing Columbus, OH |
| 6/4/2013 | $239,000.00 | 7814 | Bank of America | 135 S Lasalle Street Chicago, IL |
| 6/6/2013 | $190,000.00 | 7814 | Bank of America | 557 Boylston Street Boston, MA |
| 6/7/2013 | $69,000.00 | 7814 | Bank of America | 2405 Freedom Drive Charlotte NC |
| 6/11/2013 | $247,200.00 | 9418 | JP Morgan Chase | 12860 W Alameda Pkwy Lakewood, CO |
| 6/12/2013 | $250,800.00 | 9418 | JP Morgan Chase | 5500 W Alameda Ave. Lakewood, CO |
| 6/14/2013 | $272,600.00 | 7814 | Bank of America | 277 North Ave. New Rochelle, NY |
| 6/17/2013 | $118,420.00 | 7814 | Bank of America | 2405 Freedom Drive Charlotte NC |
| 6/18/2013 | $300,620.00 | 9418 | JP Morgan Chase | 4791 Tower Rd Denver, CO |
| 6/19/2013 | $300,000.00 | 7814 | Bank of America | 135 S Lasalle Street Chicago, IL |
| 6/25/2013 | $184,500.00 | 7814 | Bank of America | 557 Boylston Street Boson, MA |

| Transaction Date | Amount | Account Ending in #s | Bank | Locations |
|---|---|---|---|---|
| 6/26/2013 | $349,990.00 | 7814 | Bank of America | 277 North Ave New Rochelle, NY |
| 6/27/2013 | $248,500.00 | 9418 | JP Morgan Chase | 1500 Leestown Rd Lexington, KY |
| 7/5/2013 | $198,256.00 | 9418 | JP Morgan Chase | 4000 Morse Crossing Columbus, OH |
| 7/11/2013 | $272,920.00 | 7814 | Bank of America | 557 Boylston Street Boson, MA |
| 7/16/2013 | $98,520.00 | 7814 | Bank of America | 2405 Freedom Drive Charlotte, NC |
| 7/17/2013 | $516,768.00 | 7814 | Bank of America | 135 S Lasalle Street Chicago, IL |
| 7/24/2013 | $199,815.00 | 7814 | Bank of America | 135 S Lasalle Street Chicago, IL |
| 7/25/2013 | $343,000.00 | 7814 | Bank of America | 2405 Freedom Drive Charlotte, NC |
| 7/26/2013 | $215,534.00 | 7814 | Bank of America | 1233 S Second Street Raton, NM |
| 7/30/2013 | $279,236.00 | 7814 | Bank of America | 2105 Pinecroft Rd Greensboro, NC |
| 7/31/2013 | $300,000.00 | 7814 | Bank of America | 135 S Lasalle Street Chicago, IL |
| 8/6/2013 | $298,460.00 | 7814 | Bank of America | 135 S Lasalle Street Chicago, IL |
| 8/14/2013 | $249,995.00 | 7814 | Bank of America | 2 South Michigan Ave Chicago, IL |
| 8/20/2013 | $713,825.00 | 7814 | Bank of America | 4037 W Rodeo Road Santa Fe, NM |
| 8/22/2013 | $97,500.00 | 7814 | Bank of America | 2405 Freedom Drive Charlotte, NC |
| 8/23/2013 | $503,425.00 | 7814 | Bank of America | 135 S LaSalle Street Chicago, IL |
| 8/30/2013 | $47,000.00 | 7814 | Bank of America | 645 Beyer Way San Diego, CA |

| Transaction Date | Amount | Account Ending in #s | Bank | Locations |
|---|---|---|---|---|
| 9/11/2013 | $294,240.00 | 7814 | Bank of America | 1473 Broad Street Providence, RI |
| 12/2/2013 | $299,480.00 | 7814 | Bank of America | 3414 Peachtree RD NE Atlanta, GA |
| 12/30/2013 | $174,910.00 | 5919 | Wells Fargo | 1527 W. Morehead St. Charlotte, NC |
| 12/30/2013 | $237,720.00 | 5919 | Wells Fargo | 30 State House Sq. Hartford, CT |
| 12/31/2013 | $219,527.00 | 5919 | Wells Fargo | 3521N Tower Rd Aurora, CO |
| 1/23/2014 | $399,560.00 | 1250 | Citibank | 1155 Ave. of Americas New York, NY |
| 1/24/2014 | $318,100.00 | 1250 | Citibank | 1155 Ave. of Americas New York, NY |
| 1/31/2014 | $249,430.00 | 1250 | Citibank | Horton Plaza San Diego, CA |
| 2/14/2014 | $220,420.00 | 1250 | Citibank | 1155 Ave. of Americas New York, NY |
| 2/26/2014 | $259,280.00 | 1250 | Citibank | 52 E 14th Street New York, NY |
| **TOTAL** | **$11,986,892.00** | | | **47 DEPOSITS** |

17. Defendant was listed on the CTRs filed by each domestic financial institution for each deposit described in Schedule A. Each of these CTRs contained a material omission and misstatement of fact because the transactions were conducted on behalf of a third party transactor who originally provided defendant with the currency.

//
//
//
//

7

## Count 1
[ALL DEFENDANTS - 18 U.S.C. § 1956(h)]

18. The allegations set forth in paragraphs 1 through 17 and Schedule A are realleged and incorporated by reference as if fully set forth herein.

19. Beginning no later than November 1, 2012 and continuing up to and including October 8, 2014, within the Southern District of California and elsewhere, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO,

, and others known and unknown to the grand jury, knowingly did conspire, confederate, and agree together and with each other to transport, transmit, and transfer monetary instruments and funds from places in the United States of America to places outside the United States of America, with the intent to promote the carrying on of specified unlawful activity, to wit, knowingly conducting, controlling, managing, supervising, directing, and owning all or part of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960, and Title 18, United States Code, Section 1956(a)(2)(A); all in violation of Title 18, United States Code, Section 1956(h).

## Count 2
[ALL DEFENDANTS - 18 U.S.C. § 371]

20. The allegations set forth in paragraphs 1 through 17 and Schedule A are realleged and incorporated by reference as if fully set forth herein.

//
//
//

21. Beginning no later than November 1, 2012 and continuing up to and including October 8, 2014, within the Southern District of California and elsewhere, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO,

and others known and unknown to the grand jury, knowingly conspired and agreed with each other to commit the following offenses against the United States of America:

    a. To knowingly conduct, control, manage, supervise, direct, and own all or part of a money transmitting business affecting interstate and foreign commerce, to wit, an international money receipt, deposit, and transmission business, which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations promulgated thereunder, in violation of Title 18, United States Code, Section 1960(a);

    b. To knowingly cause or attempt to cause a domestic financial institution to file a report required under Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, that contained a material omission or misstatement of fact, in violation of Title 31, United States Code, Section 5324(a)(2).

22. The purpose of the conspiracy was to circumvent the registration requirements under Title 31, United States Code, Section 5330, and the reporting requirements under Title 31, United States Code, Section 5313(a), the result of which was the international transmission of funds for profit that avoided complying

with the registration, notice, and disclosure obligations for financial institutions.

## OVERT ACTS

23. In furtherance of the conspiracy and to accomplish its objects, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

   a. On or about November 23, 2012, defendant RICHARD MEDINA, JR. opened an IOLTA Account ending in 7814 at Bank of America, N.A., a domestic financial institution (the "BofA IOLTA Account").

   b. On or about March 4, 2013, defendant OMAR TREVINO CARO DEL CASTILLO opened a business checking account ending in 5106 in the name of International Produce Company, Inc. at Wells Fargo, N.A., a domestic financial institution (the "IPC Account").

   c. On or about June 14, 2013, defendant deposited $272,600 of cash into the BofA IOLTA Account at the 277 North Ave., New Rochelle, NY branch of Bank of America, N.A.

   d. On or about June 14, 2013, defendant RICHARD MEDINA, JR. wire transferred $130,031.50 from the BofA IOLTA Account to a Mexican financial institution, Banco Base SA IBM, into a bank account ending in         in the name of                                                              and controlled by defendant

   e. On or about June 14, 2013, defendant RICHARD MEDINA, JR. wire transferred $130,031.50 from the BofA IOLTA Account to a Mexican financial institution, CI Banco,

10

1               into a bank account ending in 3077 in the name of Comercializadora Inmobiliaria Sion and controlled by defendant OMAR TREVINO CARO DEL CASTILLO.

     f. On or about June 21, 2013, defendant RICHARD MEDINA, JR. wire transferred $292,460 from the BofA IOLTA Account to the IPC Account and controlled by defendant OMAR TREVINO CARO DEL CASTILLO.

     g. On or about June 24, 2013, defendant OMAR TREVINO CARO DEL CASTILLO wire transferred $84,985 from the IPC Account to a Mexican financial institution, Banco Base SA IBM, into a bank account ending in      in the name of                           and controlled by defendant                 .

     h. On or about August 22, 2013, defendant            met with several unknown persons in a Shomars Restaurant located at 2601 Freedom Dr., Charlotte, NC.

     i. On or about the same day, defendant           traveled from the restaurant to a Bank of America, N.A. branch located at 2405 Freedom Dr., Charlotte, NC 28208.

     j. At the Freedom Dr. Bank of America, defendant           deposited $97,500 in U.S. Currency into the BofA IOLTA Account.

     k. On or about August 22, 2013, defendant           sent defendant           a text message in Spanish, which translated to: "It's done bro, 100 charlotte."

//

11

1. Soon thereafter, defendant replied by text in Spanish, which translated to: "Perfect bro."

m. On or about August 22, 2013, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO, and caused Bank of America, N.A. to file a CTR that contained a material omission and misstatement of fact.

n. On or about August 24, 2013, defendant RICHARD MEDINA, JR. wire transferred $143,546.05 from the BofA IOLTA Account to a Mexican financial institution, Banco Base SA IBM, into a bank account ending in in the name of and controlled by defendant .

o. On or about August 24, 2013, defendant RICHARD MEDINA, JR. wire transferred $143,546.05 from the BofA IOLTA Account to a Mexican financial institution, CI Banco, into a bank account ending in 3077 in the name of Comercializadora Inmobiliaria Sion and controlled by defendant OMAR TREVINO CARO DEL CASTILLO.

p. On or about September 23, 2013, defendant RICHARD MEDINA, JR. wire transferred $43,445 from the BofA IOLTA Account to a Hong Kong financial institution, Heng Seng Bank, into a bank account in the name of Yuhimhe Trade Ltd., ending 7883.

//
//
//

q. On or about December 4, 2013, defendant RICHARD MEDINA, JR. opened an IOLTA Account ending in 5919 at Wells Fargo Bank, N.A., a domestic financial institution (the "WF IOLTA Account").

r. On or about January 6, 2014, defendant RICHARD MEDINA, JR. opened an IOLTA Account ending in 1250 at Citibank, N.A., a domestic financial institution (the "Citi IOLTA Account").

s. On or about February 14, 2014, defendant deposited $220,420 of cash into the Citi IOLTA Account at the 1155 Avenue of Americas, New York, NY branch of Citibank, N.A.

t. On or about February 14, 2014, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO, caused Citibank, to file a CTR that contained a material omission and misstatement of fact.

u. On or about February 20, 2014, defendant RICHARD MEDINA, JR. wire transferred $260,000 from the Citi IOLTA Account to a Mexican financial institution, Vector Casa de Bolsa, into a bank account ending in in the name of and controlled by defendant

All in violation of Title 18, United States Code, Section 371.

//
//
//
//

13

**Count 3**
[ALL DEFENDANTS - 18 U.S.C. § 1960(a)]

24. The allegations set forth in paragraphs 1 through 17, paragraphs 20 through 23, and Schedule A are realleged and incorporated by reference as if fully set forth herein.

25. Beginning no later than November 1, 2012 and continuing up to and including October 8, 2014, within the Southern District of California and elsewhere, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO,

, knowingly did conduct, control, manage, supervise, direct, and own all or part of a money transmitting business affecting interstate and foreign commerce, to wit, an international money receipt, deposit, and transmission business, which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder; all in violation of Title 18, United States Code, Section 1960(a), and Title 18, United States Code, Section 2.

**Count 4**
[ALL DEFENDANTS - 18 U.S.C. § 1956(a)(2)(A)]

26. On or about June 14, 2013, within the Southern District of California, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO,                                                                          did knowingly wire transfer and transmit funds, that is, $130,031.50 in United States dollars, from a place in the United States, that is, San Diego, California, to a place outside the United States, that is, Mexico, with the intent to promote the carrying on of specified unlawful activity, that is, knowingly to conduct, control, manage,

1 supervise, direct, and own all or part of a money transmitting
2 business affecting interstate and foreign commerce, to wit, an
3 international money receipt, deposit, and transmission business, which
4 failed to comply with the money transmitting business registration
5 requirements set forth in Title 31, United States Code, Section 5330,
6 and the regulations prescribed thereunder in violation of Title 18,
7 United States Code, Section 1960; all in violation of Title 18, United
8 States Code, Section 1956(a)(2)(A), and Title 18, United States Code,
9 Section 2.

### Count 5
[ALL DEFENDANTS - 18 U.S.C. § 1956(a)(2)(A)]

27. On or about June 17, 2013, within the Southern District of California, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO, did knowingly wire transfer and transmit funds, that is, $130,031.50 in United States dollars, from a place in the United States, that is, San Diego, California, to a place outside the United States, that is, Mexico, with the intent to promote the carrying on of specified unlawful activity, that is, knowingly to conduct, control, manage, supervise, direct, and own all or part of a money transmitting business affecting interstate and foreign commerce, to wit, an international money receipt, deposit, and transmission business, which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder in violation of Title 18, United States Code, Section 1960; all in violation of Title 18, United States Code, Section 1956(a)(2)(A), and Title 18, United States Code, Section 2.

## Count 6
[ALL DEFENDANTS - 18 U.S.C. § 1956(a)(2)(A)]

28. On or about August 23, 2013, within the Southern District of California, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO, did knowingly wire transfer and transmit funds, that is, $200,000 in United States dollars, from a place in the United States, that is, San Diego, California, to a place outside the United States, that is, Mexico, with the intent to promote the carrying on of specified unlawful activity, that is, knowingly to conduct, control, manage, supervise, direct, and own all or part of a money transmitting business affecting interstate and foreign commerce, to wit, an international money receipt, deposit, and transmission business, which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder in violation of Title 18, United States Code, Section 1960; all in violation of Title 18, United States Code, Section 1956(a)(2)(A), and Title 18, United States Code, Section 2.

## Count 7
[ALL DEFENDANTS - 18 U.S.C. § 1956(a)(2)(A)]

29. On or about September 23, 2013, within the Southern District of California, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO, did knowingly wire transfer and transmit funds, that is, $43,445 in United States dollars, from a place in the United States, that is, San Diego, California, to a place outside the United States, that is, Hong Kong, with the intent to promote the carrying on of specified unlawful

1  activity, that is, knowingly to conduct, control, manage, supervise,
2  direct, and own all or part of a money transmitting business affecting
3  interstate and foreign commerce, to wit, an international money
4  receipt, deposit, and transmission business, which failed to comply
5  with the money transmitting business registration requirements set
6  forth in Title 31, United States Code, Section 5330, and the
7  regulations prescribed thereunder in violation of Title 18, United
8  States Code, Section 1960; all in violation of Title 18, United States
9  Code, Section 1956(a)(2)(A), and Title 18, United States Code,
10 Section 2.

## Count 8

[ALL DEFENDANTS - 18 U.S.C. § 1956(a)(2)(A)]

13      30. On or about February 20, 2014, within the Southern District
14 of California, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL
15 CASTILLO,                                                         did
16 knowingly wire transfer and transmit funds, that is, $260,000 in
17 United States dollars, from a place in the United States, that is,
18 San Diego, California, to a place outside the United States, that is,
19 Mexico, with the intent to promote the carrying on of specified
20 unlawful activity, that is, knowingly to conduct, control, manage,
21 supervise, direct, and own all or part of a money transmitting
22 business affecting interstate and foreign commerce, to wit, an
23 international money receipt, deposit, and transmission business, which
24 failed to comply with the money transmitting business registration
25 requirements set forth in Title 31, United States Code, Section 5330,
26 and the regulations prescribed thereunder in violation of Title 18,
27 United States Code, Section 1960; all in violation of Title 18, United
28 //

States Code, Section 1956(a)(2)(A), and Title 18, United States Code, Section 2.

### Counts 9 and 10
[RICHARD MEDINA, JR. and                    - 31 U.S.C. § 5324(a)(2)]

31. The allegations set forth in paragraphs 1 through 17 and Schedule A are realleged and incorporated by reference as if fully set forth herein.

32. On or about the dates, at the locations, and for the amounts described in Schedule B below, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations prescribed under such section, defendants RICHARD MEDINA, JR. and                 did attempt to cause Bank of America, N.A., a domestic financial institution, to file a report required under Section 5313(a) and the regulations prescribed thereunder, that contained a material omission and misstatement of fact, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period:

### SCHEDULE B

| Counts | Transaction Date | Amount | Account Ending in #s | Bank | Location |
|---|---|---|---|---|---|
| 9 | 8/22/2013 | $97,500.00 | 7814 | Bank of America | 2405 Freedom Drive Charlotte, NC |
| 10 | 8/23/2013 | $503,425.00 | 7814 | Bank of America | 135 S LaSalle Street Chicago, IL |

All in violation of Title 31, United States Code, Section 5324(a)(2), and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATIONS**

[18 U.S.C. §§ 981(a)(1)(C), 982(a); 28 U.S.C. § 2461(c); 31 U.S.C. § 5317(c)]

33. The allegations set forth in Counts 1 through 10 and Schedules A and B are realleged herein for purposes of seeking forfeiture to the United States of America pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), Title 28, United States Code, Section 2461(c), and Title 31, United States Code, Section 5317(c).

34. Upon the conviction of the offenses alleged in Counts 1 through 8 of this Indictment, defendants RICHARD MEDINA, JR., OMAR TREVINO CARO DEL CASTILLO,

shall forfeit to the United States of America pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), any property, real and personal, involved in the offenses set forth in Counts 1, and 3 through 8, and any property traceable to the violations, including but not limited to a sum of money in the amount of at least $11,986,892.00.

35. Upon the conviction of the offenses alleged in Counts 9 and 10 of this Indictment, defendants RICHARD MEDINA, JR. and

shall forfeit to the United States of America pursuant to Title 31, United States Code, Section 5317(c)(1) all property, real and personal, involved in the offenses, and any property traceable to such offenses, including but not limited to a sum of money in the amount of $600,925.00.

//
//
//

36. In the event that any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeit substitute property up to the value of $11,986,892.00 pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), Title 31, United States Code, Section 5317(c), and Title 28, United States Code, Section 2461(c).

DATED: October 8, 2014.

A TRUE BILL:

Nicole R. Bradley
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
DANIEL C. SILVA
Assistant U.S. Attorney

I hereby attest and certify on 10/8/14
That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy